# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

HILTON HUDSON, )
)
        Plaintiff, )
)
vs. )   Case No. 13 C 5577
)
JOSEPH ROSADO, AARON BANDY, )
THOMAS CONROY, DAVID GERDES, )
and CITY OF JOLIET, )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Hilton Hudson filed this action against several members of the Joliet Police Department and the City of Joliet, asserting claims under 42 U.S.C. § 1983 and state law stemming from his arrest on July 30, 2011. Defendants moved to dismiss the complaint based on the statute of limitations. The Court converted the motion to a motion for summary judgment.[1] For the reasons stated below, the Court denies defendants' motion.

Hudson's *pro se* complaint was received by the court on August 5, 2013. At the time he filed suit, Hudson was a prisoner in the Illinois Department of Corrections. A

---

[1] Hudson filed a document that he entitled "Motion for Extention [sic] of Time," *see* Dkt. No. 22, but it was clear from the content of the document that it was his response to defendants' motion, so the Court has considered it as such. *See* Dkt. No. 23 (order of Feb. 11, 2014). The Court notes that although the Court expressly converted defendants' motion to dismiss to a motion for summary judgment, *see* Dkt. No. 20 (Order of Jan. 21, 2014), defendants did not serve on plaintiff a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required by N.D. Ill. LR 56.2.

prisoner's documents are considered filed at the time they are delivered to prison authorities for forwarding to the court clerk.  *Houston v. Lack*, 487 U.S. 266 (1988).  Hudson states that he gave his complaint to the prison authorities on July 31, 2013, and defendants have accepted this in their reply brief.  *See* Dkt. No. 24 at 3.

Hudson concedes in his response to defendants' motion that the deadline under the statute of limitations for his section 1983 claims was July 30, 2013, one day before he filed his complaint.  He argues, however, that the Court should not dismiss his claims because he was prevented from completing his complaint on time by an unforeseen restriction of his access to the prison's law library.  Specifically, Hudson alleges that he had an appointment to visit the law library on July 26, 2013, but because of security issues at the prison, all visits to the law library were cancelled on that day.  Hudson alleged that the next day he was allowed to visit the law library was July 31, 2013 and that he filed the complaint on that day.  Hudson attached to his response a copy of a motion for extension of time that he sent to the court on July 28, 2013.  The motion provided the same reason for his inability to complete his complaint before the deadline.

In their reply, defendants do not dispute any of the facts alleged in Hudson's response.  Defendants argue, however, that Hudson's inability to access the law library is of no consequence, because, as reflected by his July 28 motion for extension of time, he still had the ability to give a document to prison authorities for forwarding to the court clerk.  Defendants also argue that the statute of limitations for Hudson's section 1983 claims should not be tolled because "Hudson fails to demonstrate that he exercised due diligence in filing his complaint."  *See* Dkt. No. 24 at 3.  Finally, defendants argue that Hudson has failed to address the shorter statutes of limitation that apply to his state law

2

claims.

## Discussion

Defendants have moved for summary judgment based on the statute of limitations. Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All of the evidence must be construed in the light most favorable to the non-moving party, and all justifiable inferences must be drawn in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The statute of limitations for a section 1983 claim is the statute of limitations in the applicable state for personal injury torts. *Wilson v. Garcia*, 471 U.S. 261, 281 (1985). In Illinois, the statute of limitations for personal injury actions is two years after the cause of action accrued. 735 ILCS 5/13-202.

Accrual of a section 1983 claim is governed by federal law. Hudson has asserted claims for illegal search and seizure, excessive force, and wrongful arrest. These claims all accrued on July 30, 2011, the date these events occurred. *See, e.g., Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010) (citing *Wallace v. Kato*, 549 U.S. 384 (2007)). Thus Hudson had until July 30, 2013 to bring his section 1983 claims, absent a basis for tolling or extending the limitation period.

Hudson's state-law claims are subject to shorter statutes of limitation than his section 1983 claims. Under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, a one year statute of limitations applies to the state law claims. *See* 745 ILCS 10/8-101. In Illinois, a claim of malicious prosecution accrues when the underlying criminal proceeding terminates in the plaintiff's favor. *Ferguson v.*

*City of Chi.*, 213 Ill. 2d 94, 99, 820 N.E.2d 455, 459 (2004).  In Hudson's complaint, he alleges that the criminal charges that resulted from his arrest were dropped six months after his arrest.  His malicious prosecution claim thus accrued sometime in January 2012, and as a result, the statute of limitations allowed him to bring this claim until approximately January 2013, unless there is a basis for tolling the statute.

Hudson's other state law claims accrued one year from when the injuries occurred.  Hudson therefore had until July 30, 2012 to bring these claims, absent a basis for tolling.

"A document filed pro se is to be liberally construed."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).  Hudson's response to defendants' motion includes facts—concerning his lack of access to the prison law library—that can be interpreted as a contention that equitable tolling should apply.  *Id.*

"Equitable tolling permits a plaintiff to avoid the bar of the statute of limitations." *Shropshear v. Corp. Counsel of City of Chicago*, 275 F.3d 593, 595 (7th Cir. 2001).   In section 1983 cases, state equitable tolling rules are borrowed along with the state statute of limitations.  *See, e.g., Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). In Illinois, equitable tolling applies when, among other things, the plaintiff "has been prevented from asserting his or her rights in some extraordinary way." *Clay v. Kuhl*, 189 Ill. 2d 603, 614, 727 N.E.2d 217, 223 (2000).  Equitable tolling requires due diligence on the plaintiff's part, but that is a "fact-specific inquiry, guided by reference to . . . a reasonably prudent claimant similarly situated." *Williams v. Bd. of Review*, 241 Ill. 2d 352, 372, 948 N.E.2d 561, 573 (2011).

The record in this case is rather sparse, due no doubt partly to Hudson's *pro se*

status and, in all likelihood, partly to defendants' failure to serve a LR 56.2 notice, *see* fn.1 *supra*, but the dates that are interspersed throughout Hudson's complaint would suffice to permit a reasonable fact finder to determine that Hudson acted diligently in preparing his claim and would have had it on file bu July 30, 2013 but for the unexpected shutdown of the prison law library on that day. And Hudson certainly acted diligently after that; he was able to complete the complaint and get it filed just one day late, on July 31, 2013, the date he next had access to the law library.

Because the prison law library typically is the only place for inmates to access necessary forms and to make the copies that the clerk requires, an unforeseen lack of access to the library days before the filing deadline reasonably could be considered an extraordinary circumstance beyond Hudson's control. For this reason, the Court denies defendants' motion for summary judgment with regard to Hudson's section 1983 claims.

Matters are different, however, with regard to Hudson's state law claims. There is nothing in Hudson's response to defendants' motion that suggests that he did anything before the one-year limitation period ran out on those claims to attempt to file them, let alone that he was prevented from doing so during that period. Defendants are entitled to summary judgment on these claims.

**Conclusion**

For the foregoing reasons, the Court grants summary judgment in favor of defendants on Hudson's state law claims but denies their motion for summary judgment on his section 1983 claims. By no later than June 2, 2014, Hudson and defendants are each directed to file a status report including the following information: (1) the names and, if known, the addresses that the party filing the status report may use to prove its

claims or defenses; (2) identification of any documents, or categories of documents, that the party has that it may use to prove its claims or defenses; and (30 identification of documents, or categories of documents, that the party needs to obtain from the other side or from third parties to prove its claims or defenses.  A status hearing is set for June 11, 2014 at 8:45 a.m.  Defendants' attorney is directed to make arrangements for plaintiff to participate by telephone.

                                                  _____
                                                        MATTHEW F. KENNELLY
                                                        United States District Judge

Date:  April 28, 2014